IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SHARMILA MELISSA POWELL,

  Petitioner,

v.             CIVIL ACTION NO.: CV212-202

BELINDA DAVIS, Warden,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Sharmila Powell ("Powell"), an inmate currently incarcerated at Pulaski State Prison in Hawkinsville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her conviction in the Superior Court of Wayne County. Respondent filed an Answer-Response and a Motion to Dismiss. Powell filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Powell was convicted, after a jury trial in the Wayne County Superior Court, on March 5, 2009, of felony murder and armed robbery. Powell was sentenced to two (2) life sentences, to be served concurrently. Powell executed a motion for new trial on March 16, 2009. Powell's motion was amended, through counsel, on March 7, 2011. (Doc. No. 1-1). That motion remains pending.

In this petition, Powell asserts that the lengthy delay by the trial court in resolving her motion violates her right to due process. Powell also asserts that this delay also renders her state remedies ineffective. Respondent asserts that Powell's petition should be dismissed because she failed to exhaust her available state remedies.

## DISCUSSION AND CITATION OF AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if [she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present [her] claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274

AO 72A
(Rev. 8/82)

(11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust her remedies in state court ordinarily will result in the automatic dismissal of her federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

There is no evidence that Powell exhausted her state remedies before she filed her petition in this Court. The undersigned notes that the trial court has failed to rule on Powell's motion for a new trial and that motion has been pending for over four (4) years. However, Powell still has available to her the ability to seek a writ of mandamus from the Georgia Supreme Court to compel the trial court judge to rule on her motion for new

3

trial. O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006). Thus, Powell did not exhaust her state remedies prior to filing this habeas corpus petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Powell's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 27th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)